## Kelley v. Connecticut General Life Insurance Co.

*T. Ebert* and *M. C. Dittman, Jr.*, for plaintiffs.

*J. B. H. Carter*, for defendant.

WEINROTT, J., March 13, 1956.—Plaintiffs are the widow and children of the insured who died as a result of a gunshot wound in the head. They are beneficiaries under an insurance policy on the life of the insured which provides for additional benefits over and above the face amount of the policy, payable in the event of

death from accidental bodily injury. Plaintiffs' amended complaint in assumpsit avers that the death of the insured was caused by a gunshot wound in the head, effected directly and independently of all other causes through external, violent and accidental means, within the terms of the policy. Defendant answers that it is without knowledge or information sufficient to form a belief as to the truth of this averment and therefore poses this question of the manner of death of the insured as the ultimate issue in the case.

Pursuant to Pa. R. C. P. 4014, defendant company requests plaintiffs to admit the truth of the following facts, relating to the correctness of the report of autopsy of the coroner's pathologist (now deceased) made upon his post mortem examination of the body of the insured:

1. The head showed a gunshot wound above the nose.

2. The wound was caused by a contact shot, i.e., the gun being in contact with the head.

3. The head showed laceration and gas effects.

4. The bullet went back and out.

The report of autopsy which is attached to said request reads under external examination marks: Head "gunshot wound above nose, contact shot, laceration and gas effects, bullet to back and out, destruction of brain."

Plaintiffs filed objections to defendant's request for admission on the ground that:

1. The request exceeds the scope set forth in Pa. R. C. P. 4014(a) in that it seeks admission of the truth of matter contained in the exhibit attached to the request, and not merely an admission that the exhibit is a correct copy of an original document; and 2. that the request seeks an admission of expert medical opinion and/or factual conclusion based on facts which are without plaintiffs' knowledge and are hearsay.

The matter is now before this court for determination of these objections to the request for admission.

Pa. R. C. P. 4014(*a*) provides:

"A party may serve upon an adverse party a written request for the admission by him, for the purpose of the pending action only, of the genuineness of any writing, document or record, a copy of which is attached to the request, or incorporated therein by reference as provided by Rule 1019(g), or the truth of any fact relating to its authenticity, correctness, execution, delivery, mailing or receipt."

Plaintiffs' first objection raises the issue as to whether a party may request admission of the truth of facts contained in the document under the rule set forth above.

The purpose of Pa. R. C. P. 4014(*a*) is to expedite the trial and to relieve the party of the cost of proving certain facts which will not be disputed at the trial, and the truth of which can be ascertained by reasonable inquiry: Anderson Civil Practice, volume 5, page 589; Reed v. Farmers' National Bank, Trustee, etc., 89 D. & C. 547 (1954).

In 3 Goodrich-Amram Civil Practice at page 263, §4014(*a*)-3, the authors state that the proponent may call upon his adversary for two kinds of concession under this rule. First, an admission as to the genuineness of the document, and second, an admission as to the accuracy of any of the contents of the document. The authors then go on to explain that in respect to an inquiry as to the truth of any fact relating to its correctness, the word "correctness" of a writing, document or record can refer only to its contents. They reason that Pa. R. C. P. 127(*b*) requires an interpretation which would give effect to all of the provisions of the rule, and if the word "correctness" is limited to the authenticity of the document as opposed

to the correctness of its factual content, the word then is meaningless being simply a repetition of the preceding word "authenticity". See Reed v. Farmers' National Bank, Trustee, etc., supra., where this analysis was followed. We also concur with the reasoning of these authorities and believe this construction will further the purpose of the rule.

While Pa. R. C. P. 4014(a) uses the words "relating to" as opposed to the words "set forth" or "contained in", this difference in verbiage is not deemed to necessitate a construction precluding an admission as to the factual content of a document or record. A fact connected with a document or record may well be set forth therein, as in the case of correctness or execution, or may be extrinsic thereto, such as in the case of delivery, mailing or receipt. We conclude, therefore, that plaintiffs' first objection to defendant's request for admission must be dismissed.

Plaintiffs' second objection to defendant's request for admission presents the issue of whether an objection to the request will lie for the reason that it seeks a statement of medical opinions and factual conclusions which are not within plaintiffs' knowledge.

Subdivision (b) of Pa. R. C. P. 4014 provides:

"A matter of which an admission is requested is admitted unless the adverse party within ten (10) days after service of the request serves upon the requesting party

"(1) a sworn denial or explanation why he cannot admit or deny the matter, or

"(2) objections to the relevance or competence of the matter or the scope of the request."

Under this subdivision the adverse party has the option of:

1. Ignoring the request, in which case he will be

held to have admitted the matters requested unqualifiedly for the purpose of the pending action only.

2. Admitting the matters with qualifications.

3. Denying the matters requested wholly or partially.

4. Preparing an explanation as to why he cannot either admit or deny.

5. Filing objections, which are limited to the relevancy or competency of the matter requested or the scope of the request.

There is no obligation on the adverse party to give a qualified answer, either admitting or denying with qualification, and the necessity for qualification may be used as an explanation for an inability to admit or deny unconditionally: Goodrich-Amram Civil Practice, volume 3, page 269, §4014 (b)-1.

If a request calls for an opinion of the adverse party or calls for information as to which he has no personal knowledge and which cannot be ascertained by reasonable inquiry, he may admit or deny the request with qualifications, or may use the necessity for qualification as an explanation for his inability to admit or deny, or he may file an objection to the scope of such a request. In Moore's Federal Practice, page 2712, §36.04, it is stated that there is a split of authority as to whether a party should be required to admit or deny facts which are not within his knowledge. The better view, however, in keeping with the purpose of narrowing the issues and expediting the actual trial, requires that a party answer even though he has no personal knowledge if the means of information are reasonably within his power to determine.

As to matters of opinion, this authority at page 2713, pointing out the difficulty of distinguishing between fact and opinion, indicates that while a request

for an admission as to a matter of opinion is normally improper, this doctrine should not be inflexibly applied. "At least," he states, "where the borderline between fact and opinion is shadowy, or where an opinion is relevant to an issue in the case, the preferable course would be to hold that the request requires an answer." Then he continues, "whether or not an admission as to the matter of 'opinion' may be used in evidence can be determined at the trial."

As to request number one, that the head showed a "gunshot wound above the nose," this appears to be a matter of fact rather than opinion, and a proper request to which an answer can reasonably be expected within the rules set forth above. Particularly is this so in view of the fact this very statement is pleaded by plaintiffs. Request number four states, that the bullet went back and out. Certainly, the course of the bullet is a proper subject of a request for admission in this case and it too deals with a matter of fact rather than of opinion. However, as to requests numbers two and three, it would appear that these statements call for an expression of medical opinion and relate directly to the pivotal and controversial issues in this case. While the statement as to laceration deals with what we deem to be a fact, the portion as to gas effects is a matter largely of medical opinion.

The procedure for obtaining admissions of fact should be used as to those facts which the adverse party can admit without qualification and which are not in dispute: 4 Moore's Federal Practice, p. 2711, §36.04. We believe it improper to request an admission as to the pivotal and controversial facts and matters of opinion contained in requests numbers two and three.

While the adverse party could well answer requests numbers two and three, explaining their inability to

admit or deny unconditionally by the fact that the request calls for an admission as to pivotal and controversial facts and matters of opinion not within their personal knowledge, they also have the right under subdivision (b) (2) to object to the scope of the request for the same reason.

It is important to note that an admission does not bar the adverse party from moving to exclude it at trial on the ground of its inadmissibility whether the admission is made voluntarily or after the court has overruled the adverse party's objection. We firmly believe that the principles here enunciated will better effectuate the purpose of the rule and will be in consonance with the construction of the analogous Federal rule, insofar as the language of the Pennsylvania rule permits.

### Order

And now, to wit, this March 13, 1956, plaintiffs' first objection to defendant's requests for admission is dismissed, and plaintiffs' second objection is sustained insofar as it relates to the requests for admission of pivotal and controversial facts and matters of opinion set forth in requests numbers two and three. Plaintiffs are ordered to answer requests for admission numbers one and four.